## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

PAUL D. LESKO,
                Appellant,

      v.

OFFICE OF PERSONNEL
    MANAGEMENT,
                Agency.

DOCKET NUMBER
DE-0841-19-0106-I-2

DATE: August 6, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Paul D. Lesko, Albuquerque, New Mexico, pro se.

Michael Shipley, Washington, D.C., for the agency.

## BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member*

*Member Kerner did not participate in the adjudication of this appeal.

## FINAL ORDER

The appellant has filed a petition for review of the initial decision, which affirmed the final decision of the Office of Personnel Management (OPM) denying his request to make a deposit to obtain retirement credit for civilian service in 1982. Generally, we grant petitions such as this one only in the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to consider evidence that the appellant was not a Federal employee in 1982, we AFFIRM the initial decision.

## BACKGROUND

The appellant was employed as a physician by the Department of Veterans Affairs (VA) between 2009 and 2017. *Lesko v. Office of Personnel Management*, MSPB Docket No. DE-0841-19-0106-I-1, Initial Appeal File (IAF), Tab 7 at 36. Following his retirement in 2017, he sought to make a deposit to obtain Federal Employees Retirement System (FERS) retirement credit for civilian service that he alleges he completed with the VA as a surgical resident between 1980 and 1982. *Id.* at 8, 15. In response to his request, OPM informed him that his service in 1982 was performed "under a temporary appointment during which no retirement deductions were withheld" from his salary. *Id.* at 7. OPM also stated that it did not have enough information to give credit for the time "worked as a student in 1982."[2] *Id.*

---

[2] OPM was able to obtain detailed earnings information regarding the appellant's service with the VA in 1980 and 1981. IAF, Tab 7 at 8. It appears that the appellant was permitted to make a deposit for that service and that his annuity reflects such service. *Id.* at 10.

The appellant appealed OPM's final decision to the Board, asserting that he worked as an orthopedic surgery resident at a San Francisco, California VA hospital from January 1, 1982 through December 31, 1982, and that he was not a student.  IAF, Tab 1 at 2.  He also claims that he sought, but was unable to obtain, records from his local Social Security Administration (SSA) office showing his 1982 service, and that he did not understand why there was no record of his service. *Id.*

Because the appellant constructively withdrew his initial request for a hearing, IAF, Tab 1 at 4; *Lesko v. Office of Personnel Management*, MSPB Docket No. DE-0841-19-0106-I-2 Appeal File (I-2 AF) Tab 5 at 1,[3] the administrative judge issued an initial decision on the written record, I-2 AF, Tab 8, Initial Decision (ID) at 1.  He concluded that, despite sufficient opportunity, the appellant failed to produce documentary evidence that he was entitled to FERS retirement credit for service in 1982.  ID at 2.  He also found that OPM's records were "reliable and accurate." *Id.*  Accordingly, he found that the appellant failed to prove his entitlement to make a deposit for Federal service in 1982, and he affirmed OPM's final decision.  ID at 3.

The appellant has filed a petition for review, wherein he essentially resubmits an identical pleading to one he submitted below, reasserting that he was employed as an orthopedic surgery resident and that he diligently sought to locate records that reflect that his 1982 service entitles him to FERS retirement credit for which he may make a subsequent deposit.  Petition for Review (PFR) File, Tab 1.  The agency has responded.  PFR File, Tab 3.

---

[3] In a June 26, 2019 Order and Summary of Telephonic Status Conference, the administrative judge noted that the parties focused on the submission of a written closing argument, which "presupposed the appellant waived a formal hearing."  I-2 AF, Tab 4 at 2.  The administrative judge stated in that order that he would conclude that the appellant was waiving a hearing unless the appellant informed the administrative judge to the contrary by July 3, 2019.  When the appellant did not respond, the administrative judge concluded that the appellant waived his right to a hearing.  I-2 AF, Tab 5 at 1.  The appellant does not complain about this ruling on review.  Petition for Review File, Tab 1.

**DISCUSSION OF ARGUMENTS ON REVIEW**

The appellant, as an applicant, bears the burden of proving his entitlement to make a service credit deposit by preponderant evidence. *See generally Muyco v. Office of Personnel Management*, 114 M.S.P.R. 694, ¶ 11-12 (2010); *see also Gadue v. Office of Personnel Management*, 96 M.S.P.R. 285, ¶ 5 (2004) (stating that in an appeal in which the appellant is claiming entitlement to retirement benefits and is appealing an OPM decision concerning those benefits, the appellant bears the burden of proving by preponderant evidence his entitlement to the benefits he seeks); 5 C.F.R. § 1201.56(b)(2)(ii). The appellant's entitlement to an annuity, as well as his right to make a service credit deposit under FERS, are governed by chapter 84 of Title 5 of the U.S. Code. Two types of Federal service are pertinent to a determination of whether an individual is entitled to a retirement annuity based on a period of Federal service —"creditable service" and "covered service." *See Noveloso v. Office of Personnel Management*, 45 M.S.P.R. 321, 323 (1990) (concerning the Civil Service Retirement System), *aff'd*, 925 F.2d 1478 (Fed. Cir. 1991) (Table). Almost all Federal civilian service is creditable service. *Id.* Covered service is more limited in scope. *Id.* To be covered under FERS, an individual must "[h]ave retirement deductions withheld from pay and have agency contributions made," or make a retroactive deposit of a specified percentage of the basic pay for the service at issue plus interest. *See* 5 U.S.C. § 8411(f)(2); 5 C.F.R. §§ 842.103(c), 842.304(a)(2)(iii), 842.305(a), (d)-(e).

As discussed above, OPM's final decision denied the appellant's request to make a deposit for his 1982 service on the basis that he was serving as a student under a temporary appointment. IAF, Tab 7 at 7. In response to the appellant's appeal of that decision, however, OPM appears to have articulated a different basis for its denial of the appellant's request to make a deposit, asserting that it had "no information" that the appellant was employed by the Federal Government at all in 1982. *Id.* at 4. In support of this claim, OPM submitted documents

showing that, during 1982, the appellant was paid by the County of Alameda Auditor's Office and the VA's affiliated university, the University of California, San Francisco (UCSF).[4]  *Id.* at 19-21.  In a pleading below, the appellant conceded that, while he was a surgical resident with the VA in 1982, UCSF could have "conceivably" paid his salary.  I-2 AF, Tab 7 at 2.  Moreover, despite his efforts to obtain adequate records from OPM, the Internal Revenue Service, SSA, the Orthopedic Department at UCSF, and the VA's San Francisco hospital to demonstrate that he was entitled to credit for his 1982 service, he was unable to do so.  *Id.*; PFR File, Tab 1 at 2.  Indeed, there is no evidence in the record that the appellant was an employee paid by the VA as a Federal employee in 1982.[5] IAF, Tab 7 at 19-20.  Thus, based on the evidence before us, it appears that the appellant was not a Federal employee in 1982.

Based on the foregoing, it seems as though OPM should have denied the appellant's request to make a deposit to obtain service credit on the basis that he was not a Federal employee.[6]  Nonetheless, we agree with the administrative judge that the appellant failed to prove by preponderant evidence that he is entitled to retirement benefits based on his service at the VA hospital in San Francisco in 1982.  ID at 3; *see Office of Personnel Management v. Richmond*, 496 U.S. 414, 423-24, 434 (1990) (concluding that payment of an annuity that

---

[4] These records show that the appellant was on the VA's payroll during 1980 and 1981, IAF, Tab 7 at 19-20, which seemingly corroborates OPM's decision to permit him to make a deposit to obtain credit for that service, *see supra* n.2.

[5] We have no reason to doubt that the appellant performed medical services in a VA facility or that he treated patients of the VA, but it appears that he did so not as an employee of the Federal Government.

[6] To the extent OPM's failure to inform the appellant in the final decision that a basis for its denial of his request to make a deposit to obtain FERS service credit for 1982 was the absence of evidence showing that he was even a Federal employee that year constitutes error, such error was cured when it presented this argument before the administrative judge, giving the appellant sufficient opportunity to respond to it.  *See generally Parker v. Department of Housing & Urban Development*, 106 M.S.P.R. 329, ¶ 8 (2007) (providing that lack of proper notice in the context of what is required to establish Board jurisdiction over an appeal may be cured by an agency's subsequent pleadings).

would be in direct contravention of the Federal statute upon which the applicant's ultimate claim to the funds must rest would violate the Appropriations Clause of the Constitution); *see also Pagum v. Office of Personnel Management*, 66 M.S.P.R. 599, 601 (1995) (stating that when an applicant does not meet the requirements for an annuity, OPM cannot be required to pay the annuity). Accordingly, we modify the initial decision to reflect the above-discussed analysis, and we affirm OPM's final decision on that basis. *See, e.g.*, *Gadue*, 96 M.S.P.R. 285 (affirming as modified both the administrative judge's initial decision and OPM's reconsideration decision but supplementing those decisions with additional material analysis).

## NOTICE OF APPEAL RIGHTS[7]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions

---

[7] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain

judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[8]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

---

[8]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction.  The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD: 

_____

Gina K. Grippando
Clerk of the Board

Washington, D.C.